(Superior Court of Cincinnati.)
Special Term, 1900.

THE FOURTH NATIONAL BANK v. JULIA W. HOPPLE,

(1.) A demurrer will lie against a count in a suit for recovery from a ward of money advanced by her guardian, if there is no averment of an express promise to pay.

(2.) But where a guardian surrendered possession of his ward's estate by operation of law and without opportunity to make himself whole, an equitable action may be maintained in his favor against the ward's general estate for indemnification.

(3.) And such a cause of action will lie for the subjection of a specific piece of property in which the money of both the guardian and ward were invested.

---

DEMPSEY, J.

The plaintiff in this action, by way of an amended and supplemental petition, seeks to recover from the defendant the balance of an account between the defendant and her late guardian, one Charles H. Flach, as the said account was lately settled between them by the circuit court of this county, on appeal and error from the probate court and the common pleas court, and on which settlement there was found that Flach had paid out for and in behalf of his said ward, in excess of receipts by him, the sum of $2,635.90, and for which sum of $2,635.90 he was entitled to credit against his ward. The amount of this credit was assigned by Flach to plaintiff. The ward having become of age, and her estate surrendered to her before Flach could reimburse himself from the rents and profits thereof, it is now sought to make the ward answer therefor: (1.) At law, by the prayer of a general personal judgment against her for the recovery of said balance; (2.) in equity, by a prayer that her estate in general be required to contribute, by way of indemnification, to the guardian for this balance expended by him for her; (3) in equity, by a prayer that certain specific real estate, into which this balance had more actually gone by way of investment, be subjected to the payment thereof.

The amended and supplemental petition is divided into three counts, each setting forth a cause of action appropriate to the prayers for relief, as hereinbefore indicated, but it is much too long to be set forth herein, or even to epitomize satisfactorily. There is a demurrer to each cause of action stated in said amended and supplemental petition.

The first cause of action seeks a personal judgment against the ward for this balance of account. It is undoubtedly the rule, according to the weight of authority, that no action at law, in the absence of an express promise to pay, will lie by a guardian against his ward to recover from the ward any balance of account found in favor of the guardian.

Plaintiff practically concedes this rule to have been settled, but contends that in Ohio, by reason of *Davis* v. *Ford*, 7 O. R., pt. 2 page 104, it is otherwise. A careful study of that case, however, it seems to me, will show that it does not justify plaintiff's position. If the syllabus of the case be taken as the point settled in the case, it only goes to the effect that assumpsit is the proper action to be brought to recover such a balance due. But the facts of the case as stated in the report shows that the case properly falls within the class of cases where there was an express promise on the part of the ward to pay. The declaration consisted of three counts. The first count recited the guardianship of the plaintiff; that in 1823, during his guardianship, he presented his accounts for settlement, and a balance was found due to him of $374.68; that in March, 1832, he again presented his guardian accounts for settlement, and a further balance was found due him of 253.25 for advances made to the ward. *Upon these recitals the declaration averred a promise to pay.* The defendant pleaded the statute of limitations to this first count. Plaintiff replied that at the settlement of the first item of $374.68 he was the legal guardian of the intestate debtor, and so remained until within six years of the commen-.

cement of the suit, and to this replication defendant demurred, and it was on this demurrer the case went off. The first point settled was that while the relation of guardian and ward subsists, no action at law by either against the other founded on a settlement of their accounts could be maintained. The second point was that the case was thrown upon the validity of the first count in the declaration, which, it was claimed contained no allegation of an assumpsit . But the court held that it did contain such an allegation. "The averment is that the defendant was liable to pay, and *'being so liable undertook and promised,'* etc." The demurrer was overruled, and the cause sent back to the lower court for further proceedings. What became of it we do not know from the reports. The case had been previous reported on another phase in Wright's R., 200, where a demurrer was sustained because there was "no assumpsit in the declaration." The declaration was then amended, and in 7 O. R., was sustained because an assumpsit was averred in the declaration, *i. e.*, an undertaking and promise to pay.

Now, assumpsit may be proven by an express promise, or by a promise implied from the facts ; but that is a question that will arise on the evidence, but not upon the pleadings. How it was attempted in *Davis* v. *Ford* we do not know; but my judgment of the case is that it does not go to the extent of holding that a promise to pay is *implied* on the part of the ward as a consequence of the settlement of the accounts. The demurrer to this count must be sustained, there being no averment of an express promise to pay.

As to the second and third causes of action, it is my opinion that the demurrers should be overruled. The second cause of action is directed towards subjecting the corpus of a large estate turned over to the ward by the guardian to repayment of the balance found in his favor. Much argument is made and many cases are cited to show that after the termination of a trust and surrender of the trust estate by the trustee, no lien is retained by him on such estate to indemnify him for advances which he failed to recoup himself for while in possession. But the principles regulating guardianships are somewhat different from those affecting other relations, and where the surrender, as in this case, was involuntary and by operation of law, and before opportunity had on the part of the guardian to make himself whole, there is certainly an equity in his behalf which ought to be enforced if possible.

It is difficult to find cases exactly parallel to this, for the reason that guardians, guardianships and wards were peculiarly within the control of chancery jurisdiction, the persons, both guardian and ward, and the estate, and the chancellor having everything before him, in settling the accounts, could make such orders and decrees as were proper and equitable in the particular case before him. In most of our American states, however, this jurisdiction has been devided, and power to a limited extent conferred upon the probate courts to manage the estates of wards, and to settle the accounts between them and their guardian. When it came to the enforcement of the settiements, however, difficulties arose, which required resort to courts of larger jurisdiction. And here we are met by an absolute dearth of precedent to guide us.

The identical question involved herein, however came before the supreme court of Alabama in *Bellamy* v. *Thornton*, 103 Ala.,   , and it was there held that equity had power in the case of an involuntary termination of a guardianship, and a surrender of the ward's estate, to subject the corpus of that estate to the indemnification of the guardian for advances made on behalf of the ward in her maintenance and support, and in the care and preservation of her estate.

The justice of such a procedure is made so apparent by that court in its opinion, that I am constrained to follow that opinion, although admitting, as that court does, that long and careful search has failed to find any other precedent.

The third cause of action being directed to the subjection of a specific piece of property, in which the guardian's own money as well as the ward's was invested, to the payment of his share, undoubtedly states a cause of action on familiar equitable principles.

Upon what basis or by what measure the guardian shall have relief, as between him and his ward, are questions not presented by the demurrer, and must wait for the evidence to develope the true rule.

On the whole case, the court's judgment is that the demurrer to the first cause of action be sustained; to the second and third overruled.

*Morrison R. Waite* and *L. C. Black, for* Plaintiff.

*Miller Outcalt* and *W. L. Granger,* contra.